# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-23-00724-PRW |
| THE BOEING COMPANY and DARRYL POOLE, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants' Motion to Dismiss (Dkt. 12), Plaintiff's Response (Dkt. 14), Defendants' Reply (Dkt. 15), and the parties' responses to the Court's Show Cause Order of September 23, 2024 (Dkts. 19–20). Having considered the pleadings and applicable legal authorities, the Court **GRANTS** the Motion (Dkt. 12).

### *Background*

This is a wrongful termination case. Plaintiff Jimmy Wilson alleges that he was an employee of Defendant the Boeing Company ("Boeing") from 2011 until he was terminated on November 30, 2022. (Dkt. 7). On September 22, 2022, Wilson saw his coworker, Zack Harlow, carry two fifty-pound boxes at the same time. This constituted a safety breach. Wilson informed Harlow of this, and he responded that the safety rules did not apply to him. The next day, Wison told his supervisor, Defendant Darryl Poole, about Harlow's safety violation and expressed his intent to formally document the incident. Poole, however, instructed Wilson not to report it.

1

On October 12, 2022, Boeing senior manager Linda Rhinehart visited from the corporate site to discuss various companywide transitions that would be taking place. In front of Poole and Harlow, Wilson asked Rhinehart to talk privately. Afterwards, Wilson spoke with Rhinehart on the phone and discussed "the safety violations." (Dkt. 1 ¶ 11). Later that month, at a meeting with other Boeing employees, Poole called Wilson a "rat" and said that Boeing needed to "get rid of [that rat]." (*Id.* ¶ 12).

On November 11, 2022, Wilson became aware that Boeing was investigating him, ostensibly because he had misused a company computer. As a result, Wilson ceased using the computers altogether. On November 30, 2022, Boeing terminated Wilson for "charging time to a government contract when no work was to be done." (*Id.* ¶14). A Boeing employee subsequently contacted Wilson and clarified that the investigation commenced on October 12, "the same day that he requested a private meeting with [] Rhinehart to discuss whistleblowing" on Boeing's safety procedures. (*Id.* ¶ 15). Thus, Wilson asserts that his termination and the incident on October 12 are related.

On July 21, 2023, Wilson sued Boeing in the District Court of Oklahoma County seeking to recover damages for wrongful termination and retaliation under Oklahoma law. (Dkt. 1-1). On August 15, 2023, Boeing removed the case to this Court on the basis of diversity jurisdiction. (Dkt. 1). On September 5, 2023, Wilson amended his complaint, adding a defamation claim against Defendant Darryl Poole and a related respondeat superior claim against Boeing. (Dkt. 7).

Wilson alleges that Poole is a resident of Oklahoma. (*Id.*). Because Wilson also resides in Oklahoma, the Court ordered the parties to show cause why it should not remand

the action for want of subject matter jurisdiction. (Dkt. 18). Wilson argues that the Court lacks subject matter jurisdiction and should remand the case (Dkt. 19), and Defendants contend that the Court maintained its jurisdiction (Dkt. 20). Additionally, Defendants move to dismiss Wilson's claims under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 12).

### *Standards of Review*

### I.   Subject Matter Jurisdiction and Improper Joinder

"Federal courts are courts of limited jurisdiction[,] which "possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree."[1] Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[2] Wilson does not allege a federal question. Diversity jurisdiction requires a party to "show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000."[3]

Under the doctrine of fraudulent joinder, however, courts ignore a non-diverse defendant's citizenship when the defendant invoking the court's jurisdiction carries the "heavy burden" of showing either "(1) actual fraud in the pleading of jurisdictional facts," or, as is more common, "(2) inability of the plaintiff to establish a cause of action against

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[2] 28 U.S.C. §§ 1331–1332.

[3] *Id.* § 1332.

3

the non-diverse party in state court."[4] The standard for showing fraudulent joinder is stringent because of (1) the presumption in favor of a plaintiff's right to select their forum and join tortfeasors,[5] (2) the presumption against the exercise of removal jurisdiction due to federalism concerns,[6] and (3) the risk of a post-merits reversal for lack of jurisdiction.

---

[4] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[5] *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d at 549–50 (9th Cir. 2018) ("The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." (internal citations omitted)); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (This strict approach to fraudulent joinder "makes sense given the law that absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." (internal citations and quotation marks omitted)).

[6] Removal jurisdiction must be "construe[d] . . . strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

Accordingly, a challenged joinder may be considered non-fraudulent even when the predicate claim might not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[7]

For this reason, when considering whether an exercise of diversity jurisdiction pursuant to the fraudulent joinder doctrine is appropriate, the federal court resolves "all factual and legal issues . . . in favor of the plaintiff."[8]

## II.     Rule 12(b)(6)

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[9] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[10] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[11] While factual allegations are taken as true, a court need not accept

---

[7] *See Montano v. Allstate Indem.*, 211 F.3d 1278, at *2 (10th Cir. 2000) ("This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." (citation omitted)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

[8] *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[11] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

mere legal conclusions.[12] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[13]

"The requirement that jurisdiction be established as a threshold matter is inflexible and without exception, for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause."[14] Accordingly, the Court resolves the threshold question of jurisdiction first.

*Analysis*

**I.     The addition of Poole does not defeat diversity jurisdiction, but Wilson has failed to state a claim for defamation and respondeat superior.**

Defendants first argue that Poole was fraudulently joined because he is not a "necessary" or "indispensable" party to the original complaint under Federal Rule of Civil Procedure 19. But as the Court has previously held, Rule 19 "speaks to the joinder of a 'person who is subject to service of process and whose joinder *will not deprive the court of subject-matter jurisdiction*.'"[15] Thus, because the joinder of Poole would deprive the court of subject-matter jurisdiction, Rule 19 does not govern.[16]

---

[12] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[13] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[14] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).

[15] *Noecker v. Escobedo*, 593 F. Supp. 3d 1103, 1108 (W.D. Okla. 2020) (emphasis supplied in *Noecker*) (quoting Fed. R. Civ. P. 19(a)(1).

[16] *Id.*; *See also Alqadi v. Singh*, No. 23-CV-0364-CVE-JFJ, 2023 WL 6519270, at *2 (N.D. Okla. Oct. 5, 2023) (collecting cases).

Defendants next argue that Poole was fraudulently joined because Wilson's defamation claim fails as a matter of law. To recover for defamation under Oklahoma law, a private plaintiff must prove:

> (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage [per se], or the existence of special damage [per quod].[17]

To qualify as slander, a publication must be, among other things, "false and unprivileged."[18] It is well-established under Oklahoma law that "intracorporate communications do not, as a matter of law, constitute publications."[19] Here, Wilson claims that Poole, in his capacity as a Boeing employee, made allegedly defamatory statements to other Boeing employees.[20]

Wilson relies on an Arizona appeals court decision, which compares the view that states like Oklahoma have adopted—that communications between two agents of the same principle do not constitute publication—against the "contemporary view" that other states have adopted—that such communications do constitute publication.[21] Wilson urges the Court to eschew Oklahoma law in favor of the modern view, since "[t]here is no real

---

[17] *Tanique, Inc. v. State ex rel. Oklahoma Bureau of Narcotics & Dangerous Drugs*, 99 P.3d 1209, 1217 (Okla. Civ. App. 2004) (alteration supplied by *Tanique*) (quoting *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla Civ. App. 2002).

[18] OKLA. STAT. tit. 12, § 1442.

[19] *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1553 (10th Cir. 1995) (discussing *Magnolia Petroleum Co. v. Davidson*, 148 P.2d 468 (Okla. 1944)).

[20] Am. Compl. (Dkt. 7), ¶¶ 12, 27–28.

[21] Pl.'s Resp. to Def.'s Mot. to Dismiss (Dkt. 14), at 8 (quoting *Dube v. Likins*, 167 P.3d 93, 417–18 (Ct. App. 2007)).

concern of privilege argued by [] Boeing."[22] But the Court is bound to follow Oklahoma law.[23] Thus, his defamation claim fails as a matter of law. Because Wilson cannot establish a cause of action against Poole, the Poole's joinder does not defeat diversity jurisdiction.

Additionally, Wilson's respondeat superior claim against Boeing for Poole's statement also necessarily fails. "[T]he doctrine of respondeat superior holds a corporation, as employer, liable for the torts of its employees acting in the course or scope of employment."[24] Because Wilson cannot bring a defamation claim against Poole under the facts alleged, his respondeat superior claim must also fall. Accordingly, the Court **DISMISSES** Wilson's defamation and related respondeat superior claims.

## II. Wilson has not stated a claim against Boeing.

Defendants also move to dismiss Wilson's remaining claim against Boeing. Generally, under the Oklahoma "employment-at-will doctrine," an employer may "discharge an employee for good cause, no cause, or even for a morally wrong cause."[25] The Oklahoma Supreme Court, however, has carved out a narrow exception in what is

---

[22] *Id.* at 8 (internal quotation marks omitted).

[23] *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994) ("A federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma court.").

[24] *Magnum Foods, Inc. v. Cont'l Cas. Co.*, 36 F.3d 1491, 1499 (10th Cir. 1994) (citing *Handy v. City of Lawton*, 835 P.2d 870, 873 (Okla.1992)).

[25] *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1140 (10th Cir. 2024) (cleaned up) (quoting *Booth v. Home Depot, U.S.A., Inc.*, 504 P.3d 1153, 1156 (Okla. 2022).

known as a *Burk* claim.[26] Under *Burk v. K-Mart*, an at-will employee may bring a private tort claim against an at-will employer for discharging him "for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy."[27] To state a *Burk* claim, a plaintiff must allege:

> (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.[28]

Defendants argue that Wilson has not pleaded the third or fourth elements.

As they rightly contend, Wilson points to no specific policy provision. Instead, he states in conclusory fashion that Boeing's actions "constitute a violation of Oklahoma's public policy which prohibits wrongful termination and retaliation against a whistle-blower for performing an act consistent with a clear and compelling public policy, i.e., performing an important public obligation, exposing some wrongdoing by the employer, and performing an act that public policy would encourage."[29] Wilson does not direct the Court to any public policy in his response either. Instead, he relies on Boeing's "principles of safety and transparency," which he construes as "simply a company violation."[30]

---

[26] *Id.* (citing *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989).

[27] *Id.* (internal quotation marks omitted).

[28] *Vasek v. Bd. of Cty. Comm'rs*, 186 P.3d 928, 932 (Okla. 2008); *see also Poff v. Oklahoma ex rel. Oklahoma Dep't of Mental Health & Substance Abuse Servs.*, 683 F. App'x 691, 695 (10th Cir. 2017).

[29] Pl.'s Am. Compl. (Dkt. 7), ¶ 17.

[30] Pl.'s Resp. to Def.'s Mot. to Dismiss (Dkt. 14), at 5.

In other words, Wilson would have the Court broaden *Burke* to encompass a company's internal policy. This flies in the face of the Oklahoma Supreme Court's "directive that *Burk* 'applies to only a narrow class of cases and must be tightly circumscribed.'"[31] The Court refuses to extend *Burke* from public policy violations to private policy violations.

Although Wilson has amended his complaint once, he has not amended it with respect to his *Burke* claim. Thus, the Court finds that further leave to amend this claim would not be futile. In his Response, Wilson requests leave to file a second amended complaint. The Defendants rightly contend that the Local Civil Rules require parties seeking leave to amend to "attach the proposed pleading as an exhibit to the motion."[32] Additionally, the Local Civil Rules prohibit parties from including a motion in their response brief.[33] Such "drive-by requests to amend the complaint" are insufficient to warrant leave,[34] so the Court denies Wilson's request. Accordingly, the Court **DISMISSES** Wilson's *Burke* claim **without prejudice** to his right to properly seek leave to amend his complaint as to that claim only, on or before October 15, 2024.

---

[31] *Tufaro*, 107 F.4th 1121, 1141 (10th Cir. 2024) (quoting *McCrady v. Okla. Dep't of Pub. Safety*, 122 P.3d 473, 475 (Okla. 2005)).

[32] LCvR 15.1.

[33] LCvR 7.1(c).

[34] *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020).

*Conclusion*

Accordingly, the Court **GRANTS** the Motion (Dkt. 12), **DISMISSES** Plaintiff's defamation and respondeat superior claims, and **DISMISSES** his *Burk* claim **without prejudice** to his right to properly seek leave to amend it on or before October 15, 2024.

**IT IS SO ORDERED** this 30th day of September 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE